Carlos J. Cuevas, Esq.  Return Date: June 12, 2019 @ 10:00 AM
Attorney for Debtor
1250 Central Park Avenue
Yonkers, New York 10704
Tel. No. 914.964.7060
Carlos J. Cuevas

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re                                              Chapter 13

ADAM S. THIESSEN,                                  Case No. 18-23176(SHL)

                Debtor.

----------------------------------------------------------X

**APPLICATION OF CARLOS J. CUEVAS, ESQ. FOR FINAL
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

**TO THE HON. SEAN H. LANE,
UNITED STATES BANKRUPTCY JUDGE:**

Carlos J. Cuevas, Esq. for his Application for Final Compensation and Reimbursement of Expenses respectfully represents:

### INTRODUCTION

1. The Debtor filed for Chapter 13 on July 31, 2018.

2. Krista Preuss, Esq. is the Chapter 13 Trustee.

3. Since the filing of this Chapter 13 case the Applicant has represented the Debtor.

4. The central focus of this Chapter 13 case has been the resolution of the claim of Andrew Molbert, Esq. because it is Mr. Molbert's claim that precipitated this Chapter 13 case.

5. As discussed herein, the dispute between Mr. Molbert and Mr. Thiessen has lasted several years and could not be consensually resolved. The parties engaged in an unsuccessful mediation. In order to obtain resolution as to the validity of Mr. Molbert's claim, Mr.

1

Thiessen filed an extensive objection to the claim of Mr. Molbert, which is returnable on May 20, 2019.

## THE MOLBERT CLAIM

6. Mr. Molbert has interposed a claim for $136,214.67 (the "Molbert Claim"). The Molbert Claim is based on a personal guaranty concerning the legal fees of Ms. Doreen Kendall. Mr. Molbert represented Ms. Kendall in a Yonkers Family Court child custody and child support proceeding.

7. Mr. Molbert has already been paid $95,470.22 for his representation of Ms. Kendall.

8. On April 19, 2012 Mr. Molbert commenced a civil action against Ms. Kendall and Mr. Thiessen to collect legal fees that he alleged were owed by Ms. Kendall and Mr. Thiessen, *Molbert v. Kendall et al*, Index No. 151995/2012 Supreme Court of the State of New York, County of New York.

9. Mr. Molbert claims that he is still owed $84,204.87 for legal services. Mr. Molbert has alleged that he is also owed $52,009.80 in statutory interest.

10. Mr. Molbert is claiming that his legal services totaled $179,675.09 in the Kendall child custody and child support proceeding. Mr. Molbert billed at $250.00 an hour.

11. According to Mr. Molbert he worked a staggering 718.7 hours on the Kendall child custody and child support proceeding.

12. The Applicant has conducted an extensive factual and legal analysis of the Molbert Claim.

13. The Molbert claim is predicated upon the guaranty of Mr. Thiessen (the "Thiessen Guaranty"). It is the Applicant's contention that the Thiessen Guaranty is unenforceable because of a lack of consideration.

14. The Applicant has also argued that the Thiessen Guaranty is also unenforceable because Mr. Molbert obtained a Confession of Judgment from Ms. Kendall without following the procedures mandated in 22 NYCRR Section 1400.5, including failing to obtain court approval.

15. The Applicant, moreover, advocated that the Molbert Claim should be expunged because Mr. Molbert failed to adhere to the billing requirements as set forth in 22 NYCRR Section 1400.2.

16. The Applicant has argued that the Thiessen Guaranty was fraudulently induced; therefore, the Molbert Claim should be expunged.

17. The Applicant has also contended that Mr. Molbert's time entries are lumped and incomplete, and not compensable. Thus, the Molbert Claim should be expunged.

18. The final basis for the expungement of the Molbert claim is that under the *Johnson* factors Mr. Molbert cannot justify charging a fee of $179,675.09 in the Kendall child custody and child support proceeding.

## **THE MOLBERT MEDIATION**

19. On October 29, 2018 Jonathan Flaxer, Esq. was appointed the Mediator in this Chapter 13 case. (Dkt. No. 13).

20. The Applicant proposed mediation as the most efficient means of resolving the Molbert claim.

21. The Applicant prepared an extensive Mediation Statement with exhibits.

22. The Applicant had discussions with Mr. Thiessen concerning mediation of the Molbert Claim.

23. On December 20, 2018 the Applicant, Mr. Thiessen and Ms. Kendall met with Mr. Flaxer and Mr. Molbert to engage in mediation.

24. Thereafter, in the ensuing months, the Applicant made various submissions in furtherance of a settlement with Mr. Molbert, and the Applicant was in communication with Mr. Flaxer in an attempt to reach a consensual resolution.

25. In an attempt to break an impasse, on February 27, 2019 the Applicant met with Mr. Flaxer and Mr. Molbert for a final mediation session.

26. On March 15, 2019 Mr. Flaxer declared the mediation terminated. (Dkt. No. 18).

27. In order to avoid litigation concerning the Molbert Claim the Applicant spent many hours in an attempt to reach a consensual resolution of the Molbert claim.

## **THE OBJECTION TO THE MOLBERT CLAIM**

28. On March 22, 2019 the Applicant served and filed the Objection to the Molbert Claim (the "Objection"). (Dkt. No. 19). The Objection contains the Declarations of Mr. Thiessen and Ms. Kendall, fourteen exhibits, and a twenty-six page Memorandum of Law. (Dkt. No. 19).

29. The Memorandum of Law in Support of the Objection raises numerous legal objections to the Molbert Claim: violation of 22 NYCRR Section 1400.5; violation of 22 NYCRR Section 1400.2; fraud in the inducement; lack of consideration; lumping and incomplete time entries; and that Mr. Molbert's fee could not be sustained under the *Johnson* factors.

30. On May 8, 2019 Mr. Molbert transmitted via email his opposition papers to the Applicant.

4

31. On May 10, 2019 the Applicant served and filed the Reply in Support of the Objection. The Reply addressed the factual and legal arguments raised by Mr. Molbert. The Reply is twenty-three pages.

32. Judge Drain is scheduled to hear the Objection on May 20, 2019.

## THE FRANKLIN CREDIT MANAGEMENT CORPORATION CLAIM OBJECTION

33. On April 4, 2019 the Applicant filed an Objection to the Claim of Franklin Credit Management Corporation (the "Franklin Objection"). (Dkt. No. 23).

34. The Franklin Management is predicated upon that the alleged default of a second mortgage note that occurred more than six years prior to the filing of the Franklin Credit Management Corporation's Proof of Claim.

35. The Franklin Objection is scheduled to be heard on June 12, 2019.

## LEGAL AUTHORITY FOR COMPENSATION

36. Bankruptcy Code Section 330(a)(1) authorizes the granting of compensation for a debtor's attorney, and it states:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>
> (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

37. Bankruptcy Code Section 330(a)(3) contains criteria to determine the reasonableness of a fee, and it states:

> (3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
>
> (B) the rates charged for such services;
>
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
>
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
>
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

38. The Applicant submits that the total value of his services for this Chapter 13 case is representing reasonable compensation for the professional services rendered upon the time spent, the nature, the extent and value of such services taking into account the cost of comparable services other than in a case under the Bankruptcy Code.

39. The Applicant has billed a total of 73.3 hours at the rate of $450.00 for total time charges of $32,985.00.

40. The Applicant's time charges are attached as Exhibit A.

41. The federal courts have employed various criteria in the determination of reasonable professional fees under federal statutes authorizing the payment of legal fees. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974). In *Johnson*, the Fifth Circuit declared that the following factors should be evaluated when a court is ruling on a fee application:

> (1) the time and labor required;
>
> (2) the novelty and difficulty of the questions;
>
> (3) the skill required to perform the legal services properly;
>
> (4) the preclusion of employment by the attorney due to the acceptance of the case;
>
> (5) the customary fee;
>
> (6) whether the fee is fixed or contingent;
>
> (7) time limitations imposed by the client or the circumstances;
>
> (8) the amount involved and the results obtained;
>
> (9) the experience, reputation, and ability of the attorneys;
>
> (10) the undesirability of the case;
>
> (11) the nature and the length of the professional relationship with the client; and
>
> (12) awards in similar case.

*Johnson, supra*, at 717-19.

42. The fee setting process under any federal statute providing for the recovery of legal fees necessarily starts with an examination of the nature and extent of the services rendered, which is referred to as the "administrative spent factor." A measure of the quantum of the services rendered must precede the determination of the value of the services. *See, In*

re *Wildman,* 72 B.R. 700, 713 (Bankr. N.D.Ill. 1987); *In re Smith,* 48 B.R. 375, 379 (Bankr. C.D.Ill. 1984).

43. The Applicant maintained detailed time records which indicate the time spent and the nature of the work performed.

44. The Applicant spent a total of 73.3 hours for a total of $32,985.00 for the entire Chapter 13 case, July 31, 2018 through May 10, 2019. Records which describe in detail the services rendered by the Applicant and which were kept concurrently with the rendition of the services described herein are set forth in Exhibit A.

45. Careful contemporaneous records of out-of-pocket expenses in this case were maintained by the Applicant. The expenses of the Applicant for the entire Chapter 13 case are $86.75.

46. The expenses are summarized in Exhibit B.

47. Another consideration in determining a reasonable fee is the time required. *In re Coy Farms, Inc.,* 417 B.R. 17, 23 (Bankr. N.D.Ohio 2009); *In re Pineloch Enterprises, Inc.,* 192 B.R. 675, 677 n.1 (Bankr. E.D.N.C. 1996).

48. As Exhibit A reflects that the Applicant spent a reasonable amount of time addressing the Molbert Claim. Prior to the commencement of this Chapter 13 case Mr. Molbert and Mr. Thiessen have been engulfed in litigation since April 19, 2012. The vast majority of the Applicant's time has been spent in mediation trying to consensually resolve the Molbert claim and litigating the Objection to the Molbert Claim. The Applicant spent five months trying to obtain a consensual resolution of the Molbert Claim. The Applicant only resorted to litigation with Mr. Molbert after mediation had failed. The Applicant took reasonable measures to avoid costly litigation.

49. Mr. Molbert is litigious.

50. The Applicant prepared an extensive objection to the Molbert Claim. 73.3 hours is a reasonable amount of time concerning the tasks that were performed by the Applicant because litigation was necessary to resolve the Molbert Claim.

51. When determining a fee application a court should take into consideration the skill required to perform the services properly. *In re Kohl*, 421 B.R. 115, 131 fn. 2 (Bankr. S.D.N.Y. 2009); *In re Jelinek*, 153 B.R. 279, 284 fn. 2 (Bankr. D.N.D. 1993).

52. It took significant skill to address the Molbert Claim. The issues involving the Molbert Claim entail domestic relations law; bankruptcy law; contract law; fraud; and legal ethics.

53. An additional *Johnson* factor in determining a reasonable fee award is the amount involved and the results achieved. *In re Yankton College*, 101 B.R. 151, 157 (Bankr. D.S.D. 1989).

54. The Molbert Claim is $136,214.67. Therefore, there is a considerable amount at stake for Mr. Thiessen.

55. The courts also take into consideration the experience, reputation and ability of the Applicant. *Red Carpet Corp. of Panama City Beach v. Miller*, 708 F.2d 1576, 1578 fn. 1 (11th Cir. 1983)(per curiam).

56. The Applicant graduated from Yale Law School in 1982. The Applicant has been a lawyer for thirty-six years. The Applicant has taught bankruptcy and commercial law at New York Law School and St. John's University School of Law. The Applicant is currently a Research Affiliate at the University of Houston School of Law. The Applicant has made presentations before the United States House of Representatives Judiciary Committee; the National Bankruptcy Review Commission; the American Bar Association; and the New

York State Bar Association. The Applicant has published numerous law review articles, and he has published articles in the American Bankruptcy Law Journal; the American Bankruptcy Institute Law Review; and the Commercial Law Journal. The Applicant is AV rated and a New York Super Lawyer.

57. Another *Johnson* factor is the undesirability of the case. *In re East Peoria Hotel Corp.*, 145 B.R. 956, 960 (Bankr. C.D.Ill. 1991). This was an undesirable case because of the litigious history of this matter.

58. The final factor is the amount of the award in similar cases. *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 719 (5th Cir. 1974). The Applicant's hourly rate is much lower than the hourly rate awarded in similar cases.

## REIMBURSEMENT OF EXPENSES

59. The Applicant has incurred certain expenses as the result of this engagement. The Applicant seeks final reimbursement of expenses of $86.75.

## STATUTORY COMPLIANCE

60. After the Filing Date, no beneficial interest, direct or indirect, or any claim against the Debtor has been acquired or transferred by or on the Applicant's behalf. A $4,000.00 retainer was paid to the Applicant, and no other payments have been made or promised to or for services rendered or to be rendered by the Applicant in connection with this case. No agreement or understanding exists between the Applicant or any other person for the sharing of compensation to be received except as authorized by the Bankruptcy Code and Rules. No agreement prohibited by 18 U.S.C. § 155 has been entered into by the Applicant.

61. No prior request for the relief sought herein has been made.

WHEREFORE, it is respectfully requested that the Applicant be awarded final compensation in the amount of $32,985.00 and reimbursement of expenses of $86.75; and such other and further relief as this Court may deem just and equitable.

Dated: Yonkers, New York
      May 14, 2019

                                    CARLOS J. CUEVAS, ESQ.
                                    *Pro Se*

                                By */s/ Carlos J. Cuevas*
                                    Carlos J. Cuevas
                                    1250 Central Park Avenue
                                    Yonkers, New York 10704
                                    Tel. No. 914.964.7060