UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
In re:

                                                               Chapter 13

Adam S. Thiessen,                            Case No. 18-23176 (RDD)

            Debtor.
-------------------------------------------------------------x

**MEMORANDUM OF DECISION ON DEBTOR'S OBJECTION TO CLAIM OF ANDREW MOLBERT, ESQ.**

APPEARANCES:  Carlos J. Cuevas, Esq., for the debtor

                   Andrew Molbert, Esq., *pro se*

HON. ROBERT D. DRAIN, UNITED STATES BANKRUPTCY JUDGE

      The debtor in this case (the "Debtor") has objected to a claim, dated September 14, 2018 filed by Andrew Molbert, Esq. (the "Claim")[1] This Memorandum of Decision states the Court's reasons for granting the claim objection on the basis that New York law precludes Mr. Molbert from collecting legal fees and expenses incurred in a domestic relations action based on his failure to comply with New York's requirements for obtaining confessions of judgment in such representations.

**Jurisdiction**

      The Court has jurisdiction over this contested matter pursuant to 28 U.S.C. §§ 157(a)-(b) and 1334(b) and the Amended General Order of Reference from the United States District Court for the Southern District of New York, dated January 31, 2012. Under 28 U.S.C. § 157(b)(2)(B), the claim objection is a core proceeding which the Court may determine by final order.

**Background**

      The Claim is for $136,214.67, comprising $84,204.87 of unpaid legal fees and expenses and $52,009.80 of interest at 9% per month through the date of the Claim and thereafter accruing. It is

---

[1] A copy of the Claim is attached as Exhibit A to the declaration of Doreen J. Kendall, dated March 22, 2019, in support of the claim objection (the "Kendall Declaration").

1

based on the Debtor's guaranty, dated February 15, 2009, of Mr. Molbert's fees and expenses incurred and to be incurred by the Debtor's "significant other," Doreen Kendall in a custody, visitation and child support dispute with the father of Ms. Kendall's child.[2]

The Debtor objected to the Claim on several grounds: that Mr. Molbert's time entries are not sufficiently detailed; that the claimed fees are unreasonable, including in light of the $95,470.20 previously paid to Mr. Molbert and Mr. Molbert's lack of experience in domestic relations matters; that Mr. Molbert fraudulently, unconscionably or in a breach of fiduciary duty induced the Debtor to enter into the guaranty; that the guaranty is not supported by sufficient consideration, including for purposes of N.Y. General Obligations Law § 5-1105; that the underlying fees and expenses are not recoverable because Mr. Molbert did not bill Ms. Kendall at least every 60 days, as required by 22 NYCRR 1400.2; and that the underlying fees and expense are not recoverable because Mr. Molbert obtained the Debtor's and Ms. Kendall's signatures on confessions of judgment without complying with the requirements of 22 NYCRR 1400.5. See generally Memorandum of Law of Adam S. Thiessen in Support of the Objection to the Claim of Adam Molbert, Esq., at 1-3, and the exhibits referred to therein. Mr. Molbert disputes each of these allegations.

Before the start of this chapter 13 case, Mr. Molbert brought an action in New York State Supreme Court to collect on his unpaid fees and expenses, which progressed to a ruling on Ms. Kendall and the Debtor's motion for summary judgment on two of the grounds for the present claim objection. In a bench ruling incorporated in an order dated April 13, 2017, Hon. Robert R. Reed, J.S.C., concluded that there were issues of material fact going to (1) whether there was insufficient consideration for the guaranty and (2) whether Ms. Kendall waived 22 NYCRR 1400.2's requirement of regular billing at no greater than 60-day intervals, and he therefore denied the motion.[3] (Contrary to any suggestion by Mr.

---

[2] The guaranty is attached as Ex. E to the Kendall Declaration.
[3] See Declaration by Claimant, Andrew Molbert, Esq., in Opposition to Debtor Adam S. Thiessen's Objection to Claim, dated May 6, 2019 (the "Molbert Declaration"), Ex. P.

Molbert in the present dispute, Justice Reed did not decide the merits of whether sufficient consideration supported the guaranty or whether 22 NYCRR 1400.2's requirement to bill regularly was waived, holding only that the factual record on those issues must be further developed.)

This Court held a non-evidentiary hearing on the claim objection on May 20, 2019. The parties submitted supplementary briefing on the effect of Mr. Molbert's non-compliance with 22 NYCRR 1400.5,[4] as well as on the issue of insufficient consideration for the guaranty. Thereafter, litigation in the Debtor's chapter 13 case, including the claim objection, was stayed pending settlement efforts pertaining to various claims against the Debtor. That stay was lifted on October 22, 2019 by Hon. Sean H. Lane, who now presides over the Debtor's chapter 13 case generally but not over the present matter.

## Discussion

The Court concludes that all but one of the grounds for the claim objection cannot be decided without further development of the evidentiary record.

Thus, while the Court routinely rules on the reasonableness of fees and expenses for professionals retained in bankruptcy cases based on their time and expense records and my general knowledge of the case, I lack the expertise to consider the reasonableness of Mr. Molbert's fees in a domestic relations matter without additional evidence, including, perhaps, expert testimony, on the services reasonably expected of him. Additional evidence also is required on whether Mr. Molbert duped the Debtor into signing the guaranty and whether, even if the Debtor knew what he was signing, Mr. Molbert's request to do so on the eve of trial in the custody/visitation/child support matter and arguably without a suitable explanation of the cost involved was unconscionable or a breach of fiduciary duty.

---

[4] Justice Reed did not address this issue in his summary judgment ruling.

3

Without deciding whether the Rooker-Feldman doctrine precludes this Court's consideration of the two issues ruled on by Justice Reed's order denying summary judgment,[5] the Court also agrees with the State Court that further evidence is needed to determine (a) whether there was sufficient consideration, based on the Debtor's asserted affection for Ms. Kendall and her child, to support the Debtor's guaranty of Mr. Molbert's (i) previously incurred legal fees and expenses[6] and (ii) future legal fees and expenses, and (b) whether Ms. Kendall could be found to have waived 22 NYCRR 1400.2's requirement of timely, periodic billing, which Mr. Molbert clearly breached.

On the other hand, Mr. Molbert acknowledges that he failed to comply with 22 NYCRR 1400.5 when obtaining Ms. Kendall's and the Debtor's signatures on confessions of judgment on the eve of Ms. Kendall's custody/visitation /child support trial.[7] This leaves only the legal issue of the effect of such non-compliance on Mr. Molbert's right to unpaid legal fees and expenses, which, given the uncontested facts, is ripe for decision.

22 New York Codes, Rules and Regulations 1400-1400.7 were promulgated under NY Judiciary Law § 90(2) to govern "all attorneys who, on or after November 30, 1993, undertake to represent a client in a claim, action or proceeding . . . in either Supreme court or Family Court . . . for . . . custody,

---

[5] The Rooker-Feldman doctrine bars lower federal courts from, in essence, acting as courts of appeal from state court rulings in certain circumstances. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)  See generally Hense v. Martin, 417 Fed. Appx. 83, 83-84 (2d Cir. 2011):  the doctrine limits a lower federal court's subject matter jurisdiction if "(1) the federal-court plaintiff . . . lost in state court; (2) the plaintiff . . . complain[s] of injuries caused by a state-court judgment; (3) the plaintiff . . . invite[s] district court review and rejection of that judgment; and (4) the state-court judgment [was] rendered before the district court proceedings commenced." Here, the State Court merely ruled that there were disputed material facts in what therefore was an interlocutory order that may not have sufficiently "ended" the state court proceedings for Rooker-Feldman to apply. Galtieri v. New York City Police Pension Fund, 2014 U.S. Dist. LEXIS 129665, at *27 n.11 (S.D.N.Y. Sept. 15, 2014) ("Rooker-Feldman applies when the state proceeding has ended with respect to the issues that the federal plaintiff seeks to have reviewed in federal court, even if other matters remain to be litigated.").

[6] In contravention of NY General Obligations Law § 5-1105, the guaranty does not recite the consideration for the Debtor's agreement to pay for Mr. Molbert's past services to Ms. Kendall; there may be sufficient consideration on a going forward basis, however, to support some or all of the claimed fees. Mazella v. Lupinachi, 70 Misc.2d 458, 460-61, 333 N.Y.S.2d 775 (Civ. Ct. Queens Cty. 1972).

[7] See Molbert Declaration ¶¶ 9, 54-56. The confessions of judgment are attached as Ex. D to the Molbert Declaration and Exs. C and D to the Kendall Declaration

visitation, . . . [or] child support," with the exception of attorneys representing clients without compensation paid by the client (with a further exception also not here applicable). 22 NYCRR 1400.1. The Part 1400 rules "were designed to address abuses in the practice of matrimonial law and to protect the public, *and the failure to substantially comply with them will preclude an attorney's recovery of a legal fee from his or her client*." Greco v. Greco, 161 A.D.3d 950, 951-52, 77 N.Y.S.3d 160 (2d Dept. 2018) (emphasis added); Montoya v. Montoya, 143 A.D.3d 865, 866 40 N.Y.S.3d 151 (2d Dept. 2016) (same). "A showing of substantial compliance must be made on a prima facie basis as part of the moving party's papers." Id.

      22 NYCRR § 1400.5 states in relevant part:

Security Interests

(a) An attorney may obtain a confession of judgment or promissory note, take a lien on real property, or otherwise obtain a security interest to secure his or her fee only where:

    (1)  The retainer agreement provides that a security interest may be sought;

    (2)  Notice of an application for a security interest has been given to the other spouse; and

    (3)   the court grants approval of the security interest after submission of an application for counsel fees.

Mr. Molbert did not comply with these requirements. Although the confessions of judgment by Ms. Kendall and the Debtor were signed and the possibility of taking "a security interest in lieu of immediate payment [which] may take the form of a confession of judgment, promissory note, or mortgage upon specified property" was recognized in Ms. Kendall's retainer agreement,[8] the confessions of judgment were for an unstated dollar amount (where Mr. Molbert later could fill in the blank with any amount),

---

[8] Kendall Declaration, Ex. B, at ¶ 11.

5

they were not on notice to the adversary in the custody/visitation/child support dispute, and they were not subjected to court approval in the underlying action.[9]

The prophylactic policy behind the Part 1400 Rules clearly applies to violations of 22 NYCRR 1400.5:  if an attorney has obtained an agreement in violation of that Rule, the attorney is precluded from recovering any unpaid fees.  See Behrens & Behrens, P.C. v. Sammarco, 305 A.D.2d 346, 347-48, 759 N.Y.S.2d 151 (2d Dept. 2003); Goldman v. Goldman, 30 Misc.3d 1222(A), 924 N.Y.S.2d 309 (Sup. Ct., Rensselaer Cty. 2011).  See also Matter of Raoul Lionel Felder, P.C. v. Carroll, 40 A.D.3d 652, 833 N.Y.S.2d 416 (2d Dept. 2007); Papapietro v. Pollack & Kotler, 9 A.D.3d 419, 420, 781 N.Y.S.2d 42 (2d Dept. 2004); Iriarte v. Iriarte, 19 Misc.3d 582, 585 (Sup. Ct. Orange Cty. 2008).  Contrast Gross v. Gross, 36 A.D.3d 318, 830 N.Y.S.2d 166 (2d Dept. 2006), where the attorney "apparently cognizant of [22 NYCRR 1400.5], rightfully relied on" its express exception, obtained prior court approval, and therefore was not precluded from recovering.  Id. at 323-24.

Mr. Molbert acknowledges that the confessions of judgment are not enforceable, Molbert Declaration ¶¶ 9, 54, 56, as he must, given the facts, although it is not clear that he does based solely on the judgments having violated 22 NYCRR 1400.5:  "The blank confession forms were never filled out; they were not filed with any court; they do not and were not used to lien any property; they were not the basis for any cause of action in the Supreme Court action; and they have never been the basis for any claim against [the Debtor] or Ms. Kendall."  Id. ¶ 56 (emphasis in the original).

---

[9] See also New York Rules of Professional Conduct 1.5(d)(iii), which states,
    (d) A lawyer shall not enter into an arrangement for, charge *or collect* . . .
        (5) any fee in a domestic relations matter if: . . .
            (iii) the written retainer agreement includes a security interest, *confession of judgment*, or other lien without prior notice being provided in a signed retainer agreement and approval from a tribunal after notice to the adversary."
N.Y. Rules of Prof. Con. 1.5(d)(iii) (emphasis added).  22 NYCRR Part 1200.  These Rules may be found at ww2.nycourts.gov/rules/jointappellate/index.shtml.  The record is clear that the confessions of judgment were not approved by any court or on notice to Ms. Kendall's adversary in the custody/visitation/child support dispute.

Indeed, Mr. Molbert relies on their very lack of enforceability as his defense to the claim objection, contending that because they were unenforceable they should be disregarded for all purposes, including as the basis for disallowance of his Claim.[10]

However, Mr. Molbert does not contend that he explained to Ms. Kendall and the Debtor that the signed confessions of judgment were unenforceable. To the contrary, it is clear that he would not have had them sign the judgments unless intending to leave the opposite impression. Indeed, Mr. Molbert goes so far as to acknowledge that they served such a purpose -- "to remind them that they had agreed to pay the legal bill arrears for the work that I performed on behalf of Ms. Kendall." Id. To clients unaware of 22 NYCRR 1400.5, the confessions of judgment in fact would be a stark "reminder" -- agreements to which Mr. Molbert need only fill in an amount for there to be a judgment in such sum. The New York courts have imposed a remedy gauged to check improper conduct when, as here, a lawyer violates 22 NYCRR 1400.5, rather than a remedy simply rendering the offending instrument unenforceable: the inability to collect any outstanding fees and expenses related to the matter for which the unauthorized confession of judgment was obtained.

The prospect of that result, along with all the other challenges to his Claim, clearly offends Mr. Molbert. Lawyers of course serve a critical role in resolving conflicts under the rule of law; also, of course, lawyers should be paid fairly for their work. But lawyers' work is also regulated, and in the often highly charged matters covered by 22 NYCRR 1400 - 1400.7, New York has determined that actions such as Mr. Molbert's breach of Rule 1400.5 are so inimical to, or at least incompatible with, the rule of law as to require the forfeiture of then-unbilled fees and expenses as a check against such actions ever being taken.

**Conclusion**

---

[10] See Supplemental Memorandum of Law Claimant, Andrew Molbert Esq., dated June 14, 2019, at 2-3.

7

For the foregoing reasons, the Debtor's claim objection is granted and the Claim shall be disallowed and expunged.  Counsel for the Debtor should submit a proposed order to chambers consistent with this Memorandum of Decision.

Dated:  White Plains, New York
January 3, 2020

/s/ Robert D. Drain_____
United States Bankruptcy Judge